## CREGAN v. MARSTON et al.

### (Supreme Court, General Term, Second Department.   July 18, 1890.)

MASTER AND SERVANT—PERSONAL INJURIES—DEFECTIVE APPARATUS.

> Deceased was shoveling coal for defendants, in the hold of a canal-boat, and the coal was raised in buckets attached to rope falls operated by steam.   One of these falls broke, and a bucket fell on deceased, killing him.   The fall that broke was worn on the outside, and pulpy on the inside, and its condition was known to the engineer, whose duty it was to inspect the ropes, and renew them when worn. Defendants provided new and good ropes for this purpose, which the engineer could get on application.   *Held*, that defendants were liable for the negligence of the engineer in permitting the continued use of a defective rope.

Appeal from circuit court, Kings county.

Action by Margaret E. Cregan as administratrix of Patrick Cregan, deceased, against William H. Marston and others, for the wrongful death of her husband.   Judgment for plaintiff.   Defendant appeals.   Deceased was engaged in shoveling coal into buckets in the hold of a canal-boat.   These buckets were raised by a rope fall operated by a steam-engine.   The fall attached to one of the buckets broke, and the bucket fell on deceased, killing him instantly.   The hoisting machinery, including the rope falls, was in charge of the engineer, whose duty it was to examine the ropes, and replace old and worn ones with new, which were kept on hand for that purpose.   The rope that broke was worn on the outside, and pulpy on the inside, and this was known to the engineer.

Argued before BARNARD, P. J., and PRATT and DYKMAN, JJ.

C. Godfrey Patterson, for appellants.   Charles J. Patterson, for respondent.

PRATT, J.   The cases of Daley v. Railroad Co., 147 Mass. 101, 16 N. E. Rep. 690; Baker v. Railroad Co., 95 Pa. St. 211; and Car Co. v. Parker, 100 Ind. 181,—are all in point to show that the circuit judge properly laid down the law to the jury.   The general principle on which those cases go is well settled in the courts of this state.   The duty of supplying proper machinery to employes rests upon the master, and cannot be so delegated as to shift the responsibility.   The rule is a beneficent one, and any restriction of it would be contrary to sound policy, and principles of humanity.   The fact that sound machinery could have been obtained and used by the engineer upon application is not enough to relieve defendants from responsibility.   The charge to the jury was as favorable to defendants as they had a right to demand, and the judgment must be affirmed, with costs.   All concur.